**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

LESLEY HARRY,

    Plaintiff,

vs.

FEDERAL EXPRESS CORPORATION,

    Defendant.

_____/

CASE NO:
JUDGE:
MAGISTRATE JUDGE:

## COMPLAINT

Plaintiff, LESLEY HARRY ("Harry" or "Plaintiff"), by and through her undersigned counsel, sues Defendant, FEDERAL EXPRESS COPORATION ("FedEx" or "Defendant"), and states as follows:

### Jurisdiction and Venue

1. Plaintiff, Lesley Harry, is a citizen residing in Hobe Sound, in Martin County.

2. Defendant, Federal Express Corporation, is a foreign for-profit corporation with its principal place of business located in Tennessee.

3. The acts complained of herein occurred during Plaintiff's employment with Defendant in Palm Beach and Martin Counties.

4. Jurisdiction is based upon 28 USC § 1331, providing for federal question jurisdiction of the federal district courts. More specifically, jurisdiction is predicated upon 42 USC § 2000e et. seq., Title VII of the Civil Rights Act, prohibiting employment discrimination; in this instance gender. Jurisdiction is also predicated upon the Equal Pay

Complaint and Jury Demand
May 28, 2020
Page **2** of **9**

Act of 1963, 29 US Code § 206 et. seq. Any other claims are predicated upon the Court's supplemental jurisdiction.

### **Conditions Precedent To Suit**

5. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and with the Florida Commission on Human Relations ("FCHR").

6. In accordance with the FCHR's working relationship with the EEOC, the matter was referred to the EEOC for investigation. The FCHR did not investigate the Charge of Discrimination or issue any notices and/or determinations within 180 days of the date of filing of the Charge of Discrimination.

7. On June 25, 2019, the EEOC issued its Letter of Determination, finding "[t]he Commission concludes that the evidence obtained in the investigation established a reasonable cause to believe that the Respondent discriminated and retaliated against the Charging Party, as alleged. The evidence shows a male Operation Manager, Paul Sloop, committed the same violation as the Charging Party but was not demoted. Documentary evidence further reveals that Devin Atkins was hired as a manager after the Charging Party; however, he was paid more than the Charging Party."

8. The EEOC endeavored to conciliate the matter to no avail. It issued its Notice of Right to Sue (Conciliation Failure) on March 2, 2020.

9. This action is filed within ninety (90) days of receipt of the Notice of Right to Sue.

*Law Offices of Stuart M. Address, P.A.*
stuart@stuartaddresslaw.com (Email)
www.stuartaddresslaw.com (Website)
www.SMArtLawFlorida.com (Secondary Website)
http://www.avvo.com/attorneys/34994-fl-stuart-address-1284072.html (AVVO attorney information

Complaint and Jury Demand
May 28, 2020
Page **3** of **9**

## Factual Allegations

10. Lesley Harry has been employed with FedEx for 21 years.

11. Harry was promoted to a management position in November 2010.

12. Harry received a positive evaluation during her period in management, including 2015.

13. Harry was demoted in 2016, after an anonymous whistleblower letter accused Lesley of violating company policy and not doing her job

14. The August 2016 letter alleged that Harry accepted alcoholic beverages as gifts from employees (which is not actually a violation of FedEx company policy).

15. At the time of her demotion, another male employee (Sloop) also accepted alcoholic beverages as gifts from employees. He was not demoted.

15A. Indeed, all male managers on the management team to which Harry was assigned were guilty of at least one of the violations alleged against Harry by FedEx. No action was taken against any of the male managers on this team.

16. In fact, the male employee, a management employee in the same level position as Harry, and with less experience, was actually paid more money as a starting base salary than was Harry when she began in her position.

17. Following her suspension, Harry engaged in the appeal procedures provided by FedEx.

18. Harry had a November 1, 2016 hearing with FedEx as part of its Step 1 Guaranteed Fair Treatment Procedure (GFTP).

Complaint and Jury Demand
May 28, 2020
Page **4** of **9**

19. Following the hearing, on November 7, 2016, in accordance with a letter dated November 3, 2016, Harry was demoted her from her management position.

20. On November 18, 2016, FedEx upheld the Step 1 decision as part of a Step 2 appeal.

21. On December 4, 2016, Harry accepted a full-time Courier/Swing Driver position in Lake Worth, with a 12.7 % salary decrease (-$4.36 hourly).

22. On December 19, 2016, Harry received a letter from the FedEx Appeals Board upholding her Step 3 appeal.

23. On July 29, 2019, Harry accepted Full-time Courier/Swing Driver position in Palm City.

24. After Harry's demotion, she has applied for other management positions within FedEx, in accordance with the applicable rules, regulations, and/or procedures.

25. Harry has been denied each management position which she has sought with FedEx since her demotion.

26. Harry, who was employed in a management position, is now stuck as a driver for FedEx.

27. The EEOC determined it has reasonable cause to believe that FedEx had engaged and was engaging in gender discrimination, retaliation, and violations of the Equal Pay Act.

## COUNT I
### (Gender Discrimination/
### Title VII of the Civil Rights Act)

Complaint and Jury Demand
May 28, 2020
Page **5** of **9**

28. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-27, inclusive, as if fully set forth herein.

29. This Court has federal question jurisdiction over this cause of action brought under the United States Code.

30. Plaintiff is a member of a protected group; to wit, women.

31. Plaintiff was subjected to gender discrimination as a condition of her employment.

32. The gender discrimination to which Plaintiff was subject was on account of her gender; to wit, female.

33. The demotion of Plaintiff, and the subsequent refusal to hire Harry for any other management position to which she applied, was and is retaliation against her by Defendant based upon her gender and equal pay complaints.

34. Plaintiff is entitled to compensatory and punitive damages under Title VII of the Civil Rights Act, based upon the conduct as alleged. Plaintiff is entitled to various other forms of relief as provided for by statute.

35. Plaintiff has retained the undersigned counsel and agreed to pay a reasonable attorneys' fee in the prosecution of this action.

36. Plaintiff has complied with all statutory prerequisites for the maintenance of this action as previously noted.

WHEREFORE, Plaintiff, Lesley Harry, demands judgment against Defendant, Federal Express Corporation, for the following relief:

    a.    For back wages and benefits including lost promotional opportunities, raises, health benefits, etc.;

    b.    For compensatory damages including, but not limited to, damages for mental anguish, loss of dignity, and other intangible injuries;

    c.    For punitive damages should the evidence support same;

    d.    For equitable relief including front pay;

    e.    For injunctive relief, as may be appropriate;

    f.    For costs, interest, and a reasonable attorneys' fee; and

    g.    For any other relief which the Court deems appropriate.

## COUNT II
## (Gender Discrimination/
## Florida Civil Rights Act)

37. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-27, and 29-36, inclusive, as if fully set forth herein.

38. This Court has supplemental jurisdiction over this cause of action.

39. The foregoing allegations constitute a violation of the Florida Civil Rights Act.

WHEREFORE, Plaintiff, Lesley Harry, demands judgment against Defendant, Federal Express Corporation, for the following relief:

    a.    For back wages and benefits including lost promotional opportunities, raises, health benefits, etc.;

    b.    For compensatory damages including, but not limited to, damages for mental anguish, loss of dignity, and other intangible injuries;

    c.     For punitive damages should the evidence support same;

      d.      For equitable relief including front pay;

      e.      For injunctive relief, as may be appropriate;

      f.      For costs, interest, and a reasonable attorneys' fee; and

      g.      For any other relief which the Court deems appropriate.

## COUNT III
### (Retaliation/Title VII of the Civil Rights Act)

40. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-27 and 29-36, inclusive, as if fully set forth herein.

41. This Court has federal question jurisdiction over this cause of action.

42. The foregoing allegations demonstrate retaliatory action by Defendant against Plaintiff on account of her complaints concerning gender based discrimination and equal pay violations.

WHEREFORE, Plaintiff, Lesley Harry, demands judgment against Defendant, Federal Express Corporation, for compensatory damages, punitive damages, costs, and any such other relief which the Court may determine is appropriate.

## COUNT IV
### (Retaliation/FCRA)

43. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-27 and 29-36, inclusive, as if fully set forth herein.

44. This Court has supplemental jurisdiction over this cause of action.

Complaint and Jury Demand
May 28, 2020
Page **8** of **9**

45. The foregoing allegations demonstrate retaliatory action by Defendant against Plaintiff on account of her complaints concerning gender based discrimination and equal pay violations.

WHEREFORE, Plaintiff, Lesley Harry, demands judgment against Defendant, Federal Express Corporation, for compensatory damages, punitive damages, costs, and any such other relief which the Court may determine is appropriate.

## COUNT V/ (Equal Pay Act)

46. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-27 & 29-36, inclusive, as if fully set forth herein.

47. This Court has federal question jurisdiction over this cause of action.

48. The foregoing allegations demonstrate violations of the Equal Pay Act; to wit, (a) payment of a higher initial starting salary for the same position to a male than was paid to Defendant, (b) ongoing differences in pay predicated upon the salary and bonus adjustments which would have occurred had the Plaintiff been started at the same salary as her male counterpart, and (c) otherwise.

WHEREFORE, Plaintiff, Lesley Harry, demands judgment against Defendant, Federal Express Corporation, for compensatory damages, punitive damages, costs, and any such other relief which the Court may determine is appropriate.

Complaint and Jury Demand
May 28, 2020
Page **9** of **9**

## **DEMAND FOR JURY**

Plaintiff hereby demands a trial by jury as to all issues so triable.

_____
Stuart M. Address, Esq. (FBN 989606)
stuart@stuartaddresslaw.com
**Law Offices of Stuart M. Address, P.A.**
611 S.W. Federal Highway, Suite A
Stuart, Florida 34994
Telephone:    (772) 781-8003
Facsimile:    (772) 781-8005
Counsel for Plaintiff